IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILIP LEE QUEEN, JR.,                    *

    Plaintiff,                            *

v.                                        *          Civil Action No. GLR-24-2476

WALT PESTERFIELD, et al.,                 *

    Defendants.                           *

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Walt Pesterfield, Hilary Siakor-Sirleaf, Dave Greer, and Jennifer Magin's (collectively, "Defendants") unopposed Motion for Summary Judgment (ECF No. 30). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will grant Defendants' Motion.

## I.      BACKGROUND

### A.      Factual Background

The Court previously summarized self-represented Plaintiff Philip Lee Queen, Jr.'s allegations as follows:

> Self-represented Plaintiff Philip Lee Queen, Jr., is a state prison inmate presently housed at the Roxbury Correctional Institution in Hagerstown, Maryland. (ECF No. 8). At the time of the acts or omissions giving rise to the present complaint, Queen was a pretrial detainee at the Baltimore County Detention Center ("BCDC"). (Compl. at 4, ECF No. 1).

> Queen was transferred to BCDC on April 29, 2024, and alleges shortly thereafter, he began to feel "abnormally bloated and

gaseous with stomach pains and nausea." (Id.). After speaking with other inmates at the facility, Queen learned his symptoms were indicative of the H. pylori virus, which can be transmitted through contaminated drinking water. (Id.). Queen submitted a sick call requesting to be tested for H. Pylori and he tested positive for the virus. (Id.).

Queen submitted another sick call requesting to be tested for H. Pylori again, but an unidentified doctor wrote him back stating that while he was still positive for the virus, he was within the normal range and no further visits were required. (Id.).

The administration advised Queen that his complaints would be investigated, but Queen asserts that "[t]he administration . . . failed to investigate [his] complaint" and completely disregarded the issue of the contaminated drinking water, "even after notice was made to them." (Id. at 5–6). Queen states that he was diagnosed with gastritis and peptic ulcers and takes medication daily to decrease the acid production in his stomach. (Id. at 5).

(June 6, 2026 Mem. Op. at 1–2, ECF No. 18 (footnote omitted)).[1]

B.      **Procedural History**

Queen filed this civil rights Complaint under 42 U.S.C. § 1983 on August 23, 2024. (ECF No. 1). Defendants filed a Motion to Dismiss on October 30, 2024 (ECF No. 11), which this Court denied on June 6, 2025 (ECF No. 18). On July 22, 2025, Defendants answered the Complaint. (ECF No. 23). On November 21, 2025, Defendants filed a Motion for Summary Judgment (ECF No. 30), and on that same day, Queen filed a Motion for

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Default Judgment (ECF No. 32).[2] To date, Queen has not filed a response to Defendants'

Motion for Summary Judgment.[3]

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

A district court is obligated to review thoroughly an unopposed motion for summary

judgment. <u>See</u> <u>Maryland v. Universal Elections, Inc.</u>, 729 F.3d 370, 380 (4th Cir. 2013)

(citing <u>Robinson v. Wix Filtration Corp.</u>, 599 F.3d 403, 409 n.8 (4th Cir. 2010)).

> 'Although the failure of a party to respond to a summary
> judgment motion may leave uncontroverted those facts
> established by the motion,' the district court must still proceed
> with the facts it has before it and determine whether the moving
> party is entitled to judgment as a matter of law based on those
> uncontroverted facts.

<u>Robinson</u>, 599 F.3d at 409 n.8 (quoting <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 416

(4th Cir. 1993)). The Court is mindful that the United States Court of Appeals for the Fourth

Circuit has "emphasized repeatedly the drastic nature of the summary judgment remedy

and . . . held that it should not be granted unless it is perfectly clear that there are no genuine

issues of material fact in the case." <u>Ballinger v. N.C. Agric. Extension Serv.</u>, 815 F.2d

1001, 1004–05 (4th Cir. 1987).

---

[2] Because Defendants answered Queen's Complaint (ECF No. 23), Queen's Motion for Default Judgment (ECF No. 32) will be denied.

[3] Following the command of <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), on November 24, 2025, the Clerk of Court informed Queen that: Defendants had filed a dispositive motion; he had twenty-eight days to file a written opposition to the motion; and if he failed to respond, the Court may dismiss this case or enter judgment against him. (ECF No. 31). To date, the Court has no record that Queen filed a response.

**B.    Analysis**

Defendants contend that they are entitled to summary judgment because Baltimore City, not Baltimore County, supplies the water to BCDC; the water supply meets or exceeds federal standards for drinking water; there was no objective basis for Defendants to believe that there was an issue with the quality of the water at BCDC; Defendants were not deliberately indifferent to Queen's needs when he tested positive for H. Pylori; and Queen cannot show that he contracted H. Pylori from the drinking water at BCDC. (Defs.' Mem. L. Supp. Mot. Summ. J. at 1–2, ECF No. 30-1). For the reasons set forth below, the Court agrees that Defendants are entitled to summary judgment.

The Fourteenth Amendment applies to Queen's claim for unconstitutional conditions of confinement and denial of medical care because at the time the alleged incidents took place, Queen was a pretrial detainee. (Compl. at 4–5); Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it" (citation modified)). To state a § 1983 claim based on unconstitutional conditions of confinement, a pretrial detainee must allege "that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective." Timms v. U.S. Att'y Gen., 93 F.4th 187, 191 n.8 (4th Cir. 2024) (citing Matherly v. Andrews, 859 F.3d 264, 275 (4th Cir. 2017)); see also Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (noting plaintiff can state a claim based on a "governmental action" that "is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose'" (quoting Kingsley v.

4

Hendrickson, 576 U.S. 389, 398 (2015))). Simply put, "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable.'" Short, 87 F.4th at 611 (quoting Kingsley, 576 U.S. at 397).

The Due Process Clause of the Fourteenth Amendment also protects the rights of pretrial detainees to receive adequate medical care. Brown, 240 F.3d at 388.

> To state a claim [of] deliberate indifference to a medical need . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Short, 87 F.4th at 611. This means that a pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id.

Here, none of the named Defendants were responsible for the quality of the water entering the detention center; rather, that responsibility fell on Baltimore City. (Balt. Cnty. Water Supply & Sewerage Plan at 2–3, ECF No. 30-3). Most critically, Defendants have provided evidence that the Department of Corrections tested the water close in time to Queen's infection, both before and after, and no bacteria was found in the water. (Dep't Corrs. Intra-Dep't Mem. ["Dep't Mem."] at 5, ECF No 30-8; Certificate of Analysis at 1, ECF No. 30-9). There is simply no evidence that Queen contracted H. Pylori through the water at BCDC. Indeed, Defendants explain that H. Pylori is a common infection spread through contact with an infected person's bodily fluids. (Mayo Clinic Doc. at 1, ECF No.

30-10). Defendants further proffer that the primary sources and risk factors for contracting H. Pylori include living in crowded conditions, lacking a reliable supply of clean water, living in a developing country, having certain health conditions, having a family history of certain health conditions, sharing food or utensils, poor hand hygiene, and certain socio-economic statuses. (Id. at 4–5). In any event, once Queen tested positive for H. Pylori, Defendants provided him with the standard course of medications. (Dep't Mem. at 5).

There are simply no objective facts that would suggest that any of the named Defendants were deliberately indifferent to a substantial risk of Queen suffering from serious harm, either from the conditions of his confinement or from the medical care provided. Where, as here, the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Queen has failed to do so. Thus, Defendants are entitled to summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 30) will be GRANTED, and Queen's Motion for Default (ECF No. 32) will be DENIED. The Clerk will be directed to CLOSE this case. A separate Order follows.

Entered this 10th day of July, 2026.

_____/s/_____
George L. Russell III
Chief United States District Judge

6